**SIGNED this 19 day of December, 2025.**



_____
John T. Laney, III
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHARRMAINE V'NELL LUCILLE CURTIS, | ) | CHAPTER 13 BANKRUPTCY |
| | ) | |
| Debtor. | ) | CASE NO. 24-40459-JTL |
| | ) | |

### MEMORANDUM OPINION ON THE
### DEBTOR'S MOTION FOR RECONSIDERATION

This contested matter comes before the Court on a motion to reconsider or vacate the Court's memorandum opinion and order signed October 22, 2025, filed by the Debtor, Sharrmaine Curtis. Debtor's Mot. to Recons., Doc. 35. Wells Fargo responded to the motion and appeared at the hearing on this matter held on December 9, 2025. Resp. with Opp., Doc. 36; Hr'g Held. Doc. 37. At that hearing, the Court took this matter under advisement. For the reasons

1

stated below, the Court does not find cause to amend or vacate its previous opinion. The Court, therefore, will deny the Debtor's motion.

I.   **FINDINGS OF FACT AND PROCEDURAL POSTURE**

The facts of this case are extensive and articulated in detail in the Court's previous memorandum opinion signed October 22, 2024. Mem. Op., Doc. 31. Thus, the Court will begin with an abridged summary of the facts to this motion. The Debtor has a one-fifth interest in a probate estate which includes property located at 5038 Buena Vista Road, Columbus, Georgia. *Id*. She, at some points, stayed in or lived in the property. Hr'g Held. Doc. 28. Foreclosure on the property was scheduled on August 6, 2024. Mem. Op., Doc. 31. The Debtor filed for bankruptcy on August 5, 2024. *Id*. The Debtor used a bankruptcy preparer that she had paid and filed only a petition. *Id*.

The Debtor did not notify Wells Fargo about her bankruptcy case prior to the foreclosure. *Id*. The foreclosure occurred as scheduled on August 6, 2024, in violation of the automatic stay. *Id*. The deed was executed on August 26, 2024, and recorded on September 5, 2024. *Id*.

This case was the Debtor's second bankruptcy case, her first *pro se*; the first case was dismissed for lack of payments after the Debtor made over $23,000 in payments but was over $16,000 in arrears. *Id*. In this case, the Debtor did not file any schedules or other required documents. *Id*. The Debtor did file a certificate of credit counseling evincing that the Debtor did not complete her credit counseling until after the case was filed. *Id*. The Court dismissed her case on August 29, 2024, for failure to file documents. *Id*.

Wells Fargo sold the property for $50,100 to The Villa Homes Holding Company, Incorporated, "Villa Homes." *Id*. The deed was executed on October 21, 2024, and recorded on November 21, 2024. *Id*.

2

On May 6, 2025, Wells Fargo moved to reopen the Debtor's case to file a motion to annul the stay and validate the foreclosure sale. *Id*. The Court granted the motion to reopen, and, on July 17, 2025, Wells Fargo moved to validate the foreclosure sale. *Id*. The Court heard the parties' arguments on September 5, 2025, and took the matter under advisement. *Id*.

On October 22, 2025, the Court entered a memorandum opinion and order annulling the stay and validating the foreclosure sale. *Id*. The Debtor filed a motion to reconsider or vacate the Court's opinion and order on November 4, 2025. Debtor's Mot. to Recons., Doc. 35. Wells Fargo filed a response on December 6, 2025. Resp. with Opp., Doc. 36. The Court heard the parties' arguments on December 9, 2025, and took the matter under advisement. Hr'g Held, Doc. 37.

## II.     LEGAL STANDARD

While the motion to reconsider filed by the Debtor did not specify under which rule it was filed, the parties agreed in the hearing on December 9 that this motion is governed by Federal Rule of Bankruptcy Procedure Rule 9023. Federal Rule of Bankruptcy Procedure Rule 9023 incorporates Federal Rule of Civil Procedure Rule 59. The "only grounds" for granting a motion filed under Rule 9023 in the Eleventh Circuit are "newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). These motions cannot be used to "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

## III.    LEGAL ANALYSIS

The Debtor's written motion on this matter was brief and did not address the Debtor's substantive arguments that were addressed during the hearing on December 9, 2025. The Debtor made two main arguments in the hearing: 1) that the Court erred in finding the Debtor's conduct,

3

without bad faith, warranted annulling the stay and 2) that Wells Fargo's postpetition conduct after the foreclosure sale demonstrated bad faith and, thus, the Court should have denied annulling the stay. The Court, after considering these arguments, does not find that the Debtor met her burden as to Rule 9023 and denies reconsideration of its motion.

> **a. The Court finds the Debtor lacked good faith during the pendency of her case, justifying stay annulment.**

The Court first addresses the Debtor's argument that her conduct lacked bad faith; thus, the stay should not have been annulled. The Court, in its memorandum opinion, found the Debtor's failure to file documents and prosecute her case as grounds to annul the stay. Mem. Op., Doc. 31. The Debtor had previously filed for bankruptcy, paid the filing fee, filed the appropriate schedules, had a plan confirmed and significant payments to the Chapter 13 Trustee. *Id*. In this case, the Debtor only filed the petition, failed to pay the filing fee, file the schedules, or propose a plan. *Id*.

The Debtor's conduct in this case mirrors the conduct of the Debtor in *In re Smith*, No. 24-12183, 2025 WL 2827458, at *2 (11th Cir. Oct. 6, 2025). In *Smith*, the Chapter 13 Debtor filed bankruptcy between when her house was sold at auction and when the clerk of the state court filed the certificate of sale. She, too, failed to complete the required prepetition credit counseling, failed to file a plan, schedules, and other documents. The Eleventh Circuit found that these circumstances supported a finding that Ms. Smith filed her petition in bad faith and affirmed the bankruptcy court's decision to annul the automatic stay. Thus, the Court finds that it did not err in law in finding that a Debtor's filing of a bare petition with no further prosecution supports a finding that stay annulment is appropriate.

The Debtor argues that, to annul the stay, the Court needs to find that the Debtor acted with bad faith with the intention to defraud her creditors. Hr'g Held, Doc. 37. The Court is not persuaded by this argument.

To support her argument, the Debtor claimed that she believed that the petition preparer would file the requisite documents necessary for her case to continue and she did not act in bad faith. *Id*. This argument was made and acknowledged in the Court's memorandum opinion on this matter. Mem. Op., Doc. 31. The Debtor did not present any newly discovered evidence or argue that the Court's findings were manifestly in error making it inappropriate grounds for consideration under Rule 9023. In fact, the Court found that the Debtor relied on a bad actor, but she knew of the requirements from her previous case, was notified by the Court of her deficient filings, and ultimately failed to meet her obligations to the Court, establishing grounds to annul the stay. *Id*.

The Debtor speciously argued, without case law supporting her position, that the Court's decision to annul the stay itself was a manifest error in law justifying reconsideration. Hr'g Held, Doc. 37. Therefore, the Court will address the Debtor's arguments to determine whether the annulling of the stay itself was a manifest error of law. The Court finds, again, that the Debtor's actions justified annulling the stay. As to this argument, the Court believes the Debtor may have misinterpreted the Court's opinion which stated that the Debtor did not act with "subjective bad faith" because her testimony was credible that she initially intended to file bankruptcy to maintain ownership of her property. Mem. Op., Doc. 31. The Court instead will clarify by adopting the language from *In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir. 1984) in finding that the Debtor's conduct demonstrated a "lack of good faith."

5

The Eleventh Circuit has stated, "[i]n finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions. Particularly when there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of the petition for lack of good faith is appropriate." *Id.*

As stated previously and in the Court's memorandum opinion, the Court found the Debtor's testimony genuine that she intended to proceed with her bankruptcy case to protect her interest in the property. The Court, however, cannot export the Debtor's initial desire to commence her case on to her subsequent conduct, nor does the Eleventh Circuit precedent require the Court to do so. In *In re Patel*, 142 F.4th 1313, 1318 (11th Cir. 2025), the Eleventh Circuit affirmed the bankruptcy court's annulment of the automatic stay based solely on postpetition conduct. An initial intent or representation of good faith does not relinquish the Debtor of the responsibility to act in good faith for the remainder of the case. It is these later actions that are the Court's basis of finding Debtor lacked good faith in her case.

Blaming the Debtor's failure to file her required documents on her misunderstanding of the relationship between the Debtor and bankruptcy preparer is unpersuasive because the Court notified the Debtor repeatedly about her deficiencies. That fact was also not the sole reason the Court found that the Debtor lacked good faith in the prosecution to her case. The Court also found that she filed her petition on the eve of foreclosure, failed to file a plan by the deadline, and made no payments to the Trustee. She did not receive prepetition counseling as required by § 109(h) and, having been notified again of her obligation in the Court's memorandum opinion and failing to have rectified it still, is in default of her filing fee. The Debtor also testified that she found out that her case was dismissed because the locks had changed on her door. Hr'g Held, 28.

This still did not prompt action on behalf of the Debtor. She did not act to reopen her case or challenge the foreclosure. She waited instead until the Creditor moved to reopen her case to oppose the foreclosure many months after she knew the Creditor had foreclosed on the property. The Debtor's postpetition conduct demonstrates a lack of good faith in the prosecution of her case. Thus, the Debtor did not meet her burden to demonstrate that Court's erred in annulling the stay and amendment or vacation of the Court's order is inappropriate.

### b. The Court finds the Debtor's argument that the Creditor's actions barred retroactive relief from the stay unpersuasive.

The Debtor also argued that Wells Fargo's conduct after notice of the pendency of the bankruptcy proceeding should prohibit them from benefiting from stay annulment. Hr'g Held, Doc. 37. The Debtor argued that Wells Fargo's sale of the property after it had notice of the Debtor's case, and failure to timely prosecute the case, should lead the Court to reconsider its order. *Id*.

Like the Debtor's previous argument, this issue was addressed and decided in the Court's memorandum opinion. The Debtor did not provide any newly discovered evidence, make an argument as to a mistake of fact, or provide case law to demonstrate that the Court made a manifest error of the law. Therefore, reconsideration under Rule 9023 is inappropriate. The Court, however, will address the Debtor's claim that, because of the Creditor's conduct, annulling the stay generally was a manifest error of law.

The Creditor did not have notice of the bankruptcy proceeding at the time of the foreclosure sale, which occurred on August 6, 2024. Mem. Op., Doc. 31. The Creditor was mailed notice of the bankruptcy proceeding on August 8, 2024. BNC Certificate of Mailing, Doc. 4. The Creditor executed the deed on August 25, 2024. Mem. Op., Doc. 31. The Debtor's case

was dismissed on August 26, 2024. Order Dismissing Case, Doc. 18. The Creditor then recorded the deed on September 5, 2024. Mem. Op., Doc. 31The Creditor sold the property on October 31, 2024, and recorded the deed on November 21, 2024. Mem. Op., Doc. 31. The actions taken during the pendency of the stay were the foreclosure sale and the execution of the deed.

The legal title to the property in its entirety, however, was not in the Debtor's bankruptcy estate. The Debtor had only a one-fifth probate interest in the property. The Debtor averred that the foreclosed property was in probate and the estate had an administrator. Hr'g Held, 28. The Court found in its memorandum opinion that, in Georgia, when an administrator is appointed, the heirs are divested of their ownership interests. *See In re Holyfield*, No. 16-67309, 2019 WL 2387045, at *3 (Bankr. N.D. Ga. June 3, 2019) ("under Georgia law, the appointment of an administrator divests the heirs of their ownership interests directly in the Property"). Thus, the automatic stay would not have protected the Debtor's right to the property and only would have shielded her one-fifth probate interest from creditor liquidation.

The Debtor also argues that the Creditor's delays in waiting to assert its rights should bar the Creditor from getting relief from the stay. Courts do consider how quickly creditors move for relief from the stay in these types of motions. *In re Fjeldsted*, 293 B.R. 12, 25 (Bankr. App. 9th Cir. 2003). It is, however, one of many factors the court considers. The Ninth Circuit enumerated twelve factors which include the number of filings, whether the circumstances of filing indicate an intent to delay or hinder creditors, the debtor's good faith in filing, whether the debtor has otherwise complied with the Bankruptcy Code and Rules, and whether stay relief would promote judicial economy. *Id*. While the Eleventh Circuit does not have a comprehensive test, courts in this circuit are generally looking at these or similar circumstances in deciding whether the stay should be annulled. See *In re Evans*, 665 B.R. 670, 681 (Bankr. N.D. Ga. 2024); *Matter of Patel*,

8

642 B.R. 187, 198 (Bankr. N.D. Ga. 2022); *In re Barr,* 318 B.R. 592, 598 (Bankr. M.D. Fla. 2004). *In re Raines*, No. 08-41972-EJC, 2014 WL 6461784, at *3-4 (Bankr. S.D. Ga. Nov. 17, 2014).

While, in this case, one factor may weigh against the Creditor, taken together, the Court finds that the totality of the circumstances demonstrates that annulling the stay was appropriate. The mortgage had not been paid on the property and the property lacked appropriate insurance at the time of foreclosure. Hr'g Held, 28. The Debtor even testified she was unable to obtain insurance on the property because she was not the owner of the home. *Id*. The Debtor filed this case on the eve of foreclosure to initiate the automatic stay, but failed to file any documents or a plan, failed to make payments to the Trustee, and still has not paid the filing fee. Mem. Op., Doc. 31. The factors weigh heavily against the Debtor and support the Court's grounds for annulling of the stay.

Moreover, even when Wells Fargo received notice of the bankruptcy case through notice sent through the Bankruptcy Noticing Center, the Debtor's name and social security number would not have been listed as connected to the property. The name listed on the security deed executed with Wells Fargo listed the late Billy Weary as the owner. Further investigation would have revealed the administrator as the interested party in the property, not the Debtor. The Debtor had no vested interest in the title of the property at the time her case was filed. Foreclosure on the property would not have affected the Debtor's legal interest in one-fifth of any proceeds to the decedent's estate from the foreclosure. The Court finds that, given the totality of the circumstances, annulling the stay was appropriate and denies the Debtor's motion to reconsider.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies the Debtor's Motion to Reconsider or Vacate Judgement. The Court will enter a separate order consistent with this opinion.

END OF DOCUMENT